1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIFFANY RECINOS,<br><br>               Plaintiff,<br><br>   v.<br><br>TIMOTHY L. WAKENSHAW,<br><br>               Defendant. | CASE NO. 3:23-cv-5507<br><br>ORDER TO SHOW CAUSE AND ORDER DENYING MOTION FOR RECUSAL |

## INTRODUCTION

Plaintiff Tiffany Recinos was granted leave to proceed *in forma pauperis* in this matter on June 14, 2023. Dkt. No. 6. Plaintiff's complaint ("Complaint") names Washington Board of Industrial Insurance Appeals Judge Timothy L. Wakenshaw as sole defendant and was posted on the docket on June 14, 2023. Dkt. No. 7. A Summons has not yet been issued, but defendant Judge Wakenshaw has appeared. Dkt. No. 32. Plaintiff filed a request for this Court to recuse itself on August 9, 2023. Dkt. No. 40. On the same day, Plaintiff filed two additional complaints in this matter titled "Complaint And Request For Injunction" and "Amended Complaint." Dkt. Nos. 41, 42.

Plaintiff's Complaint alleges that "Judge Wakenshaw has overseen plaintiff's Labor and Industries and Workers Compensation claims yet failed to provide the plaintiff adequate relief." Dkt. No. 7 at 3. Plaintiff's claims appear to arise from Plaintiff's nursing career, injuries, and various benefits. *Id.* at 4. Plaintiff lists "MultiCare Hospital: LLE injury of 2005, St. Joseph Hospital: death/coma/back/RLE injuries 2021, Concerto Healthcare: Blindness injury of 2018 never paid plaintiff worker compensation nor gave her access to any L&I account or policy numbers so she could orchestrate the correction of above injuries." *Id.* at 3. Plaintiff alleges Plaintiff "lost the ability to participate in her career field of nursing . . . and is now retired and receiving no compensation since 2005." *Id.* Plaintiff requests payment of "L&I and workers compensation, retirement pay the rest of her life and a restitution settlement for pain and suffering," and alleges "$3.25 million USD worth of damage has been done by not correcting Labor and Industry Workers Compensation dealings." *Id.* at 3, 4.

## ANALYSIS

### 1. To proceed, this Court must have jurisdiction over Plaintiff's claims in the Complaint.

Federal Rule of Civil Procedure 12(h)(3) states that the Court must dismiss an action if it determines, at any time, that it lacks subject matter jurisdiction. This issue can be raised directly by the Court without motion by a party. Federal courts are courts of limited jurisdiction, meaning that they can only hear certain types of cases. Federal jurisdiction may be established when (1) the complaint presents a federal question "arising under the Constitution, laws, or treaties of the United States" or (2) where the parties are diverse.

### a. Federal question jurisdiction.

Federal courts have jurisdiction over "all civil actions arising under the Constitution [and] laws . . . of the United States." 28 U.S.C. § 1331. A plaintiff's action "arises" under federal law

when a federal law creates a particular cause of action (e.g., the basis of the lawsuit) or the plaintiff requests relief under a state law that requires the interpretation of federal law. *See Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088 (9th Cir. 2002) (quotation marks omitted) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 8–9 (1983)). For this Court to have federal jurisdiction over Plaintiff's Complaint under federal question jurisdiction, Plaintiff must properly plead a federal question—e.g., the federal law or the state law requiring interpretation of federal law creating Plaintiff's action—this is called the "well pleaded" complaint rule. *See id*. A plaintiff simply alleging that a constitutional violation occurred is not enough to invoke this Court's jurisdiction. *See Vogelsang v. Zine*, 2:09-CV-02885, 2010 WL 2737190, at *9 (E.D. Cal. July 12, 2010) ("[m]erely alleging a constitutional violation is insufficient, the court's 'limited jurisdiction cannot be invoked so simplistically.'") (quoting *Yokeno v. Mafnas*, 973 F.2d 803, 807 (9th Cir.1992)).

In support of federal question jurisdiction, Plaintiff states that "the unalienable rights of the ninth amendment . . . [are] being stolen from consumers that are forced to chase documents that were meant to be publicly disclosed, but instead are concealed . . . to help AGENCIES LIKE BIAA to avoid legal repercussions." Dkt. No. 7 at 2-3. Plaintiff alleges "Wakenshaw has overseen plaintiff's Labor and Industries and Workers Compensation claims." Dkt. No. 7 at 3. Plaintiff does not cite any federal statute or agency implicated by the claims in the Complaint. *See id*. Plaintiff's pleaded facts indicate Plaintiff challenges the rulings of a Washington State administrative judge. *See id*. As a *pro se* litigant, Plaintiff is held to a less-stringent standard. *Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 846 (9th Cir. 2016). Still, Plaintiff's vague invocation of the Ninth Amendment is insufficient to demonstrate that "a substantial issue of federal law or resolution of a federal question plays a significant role in" this matter for this

ORDER TO SHOW CAUSE AND ORDER DENYING MOTION FOR RECUSAL - 3

Court to have jurisdiction to resolve the Complaint's allegations. *See Vogelsang*, 2010 WL 2737190, at *9.

### b.  Diversity jurisdiction.

Diversity jurisdiction requires a plaintiff and defendant to be "diverse" (*e.g.*, residents of different states) and the amount in controversy to exceed $75,000. *See* 28 U.S.C. §§ 1331, 1332. Plaintiff pleads the Court has jurisdiction due to the diversity of citizenship between the parties. *Id*. at 2. But Plaintiff resides in Washington State. *Id*. at 1. And Plaintiff lists a Washington State address for Judge Wakenshaw. *Id*. at 2. Thus, the Complaint indicates the parties all reside in Washington State and are not diverse for the purposes of federal jurisdiction. *See* 28 U.S.C. §§ 1331.

### 2.  Plaintiff's claims must not be frivolous.

The Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff's allegations implicate third-parties, but the Complaint names Judge Wakenshaw as the sole defendant in this matter. Dkt. No. 7 at 1. Plaintiff's main qualm with Judge Wakenshaw is that he allegedly "failed to provide the plaintiff adequate relief." *Id*. at 3.

Plaintiff describes Judge Wakenshaw as a "BIAA Judge." Dkt. No. 7 at 2. As an initial matter, Plaintiff's claim is frivolous as a matter of law if Plaintiff seeks a writ of mandamus against Judge Wakenshaw. The Ninth Circuit has held, and its district courts have reiterated, that "[a] petition for a writ of mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law." *See Robben v. D'Agostini*, 2:16-CV-2723 GGH P, 2016 WL 7451543, at *2 (E.D. Cal. Dec. 27, 2016) (collecting cases). Thus, if Plaintiff seeks to

1  compel Judge Wakenshaw "to provide the plaintiff adequate relief," the request is frivolous as a

2  matter of law.

3          Alternatively, Plaintiff's claim as pleaded against Judge Wakenshaw cannot succeed

4  because judges are afforded "judicial immunity." *LaTulippe v. Harder*, 574 F. Supp. 3d 870, 880

5  (D. Or. 2021). This absolute immunity means judges are immune for their decisions made in

6  their judicial capacity. *See, e.g., Janaszak v. State*, 173 Wn. App. 703, 713 (2013) (stating "[t]his

7  immunity does not exist for the benefit of the judge; rather, it protects the administration of

8  justice by ensuring that judges can decide cases without fear of personal lawsuits."). And this

9  immunity has been extended to "administrative law judges . . . and to all governmental agencies

10 and executive branch officials performing quasi-judicial functions." *Stone v. Baum*, 409 F. Supp.

11 2d 1164, 1174 (D. Ariz. 2005) (citation omitted).

12         Here, Plaintiff challenges Judge Wakenshaw's judicial decisions when Plaintiff alleges

13 Judge Wakenshaw "failed to provide the plaintiff adequate relief." Dkt. No. 7 at 3. Because

14 Judge Wakenshaw is immune from lawsuits arising from his decisions as a judge, Plaintiff's

15 claim is frivolous. *See LaTulippe*, 574 F. Supp. 3d at 880.

16         **3.  Plaintiff's motion for recusal is denied.**

17         Plaintiff requests that this Court and Judge Wakenshaw recuse themselves from this

18 matter, citing to 28 U.S.C. § 455 and Washington State law. Dkt. No. 40 at 1. Plaintiff states

19 "[b]oth Judge JNW and Judge Wakenshaw have shown lack of impartiality by not taking any

20 steps to resolve these cases." *Id*. In addition to requesting recusal and removal, Plaintiff states

21 this Court and Judge Wakenshaw should "possibly just STEP DOWN FROM JUDGSHIP [sic]

22 AND RETIRE." *Id*. Plaintiff continues, "Judge RJB [sic] and Judge Wakenshaw refuse to allow

23 justice to be served." *Id*.

24

To start, this Court may not consider Plaintiff's request for Judge Wakenshaw's recusal. *See, e.g.*, *D'Agostini*, 2016 WL 7451543, at *2. Federal statutory law, not Washington regulations or statute, apply to this Court's recusal. *See* 28 U.S.C. § 455(a). Under 28 U.S.C. § 455(a), United States judges shall disqualify themselves in any proceeding in which the judge's impartiality "might reasonably be questioned." Federal judges also disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. *See* 28 U.S.C. § 455(b)(1). Whether a judge should recuse "is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact." *Tiffany Recinos, Plaintiff, v. Nationwide Gen. Ins. Co., Def.*, C23-5097 BHS, 2023 WL 5035589, at *1 (W.D. Wash. Aug. 8, 2023) (citing *Preston v. U.S.*, 923 F.2d 731, 734 (9th Cir. 1991); *U.S. v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980)). Specific allegations of bias must be made. *See id*.

Plaintiff does not make a specific allegation of bias. *See* Dkt. No. 40. Instead, Plaintiff alleges the Court has "shown lack of impartiality by not taking any steps to resolve these cases," and "refuse[s] to allow justice to be served." *Id*. These allegations do not identify bias, and the latter allegation does not appear to identify the correct judge. *See, e.g., Arrowpoint Capital Corp. v. Arrowpoint Asset Mgmt., LLC*, 793 F.3d 313, 329 (3d Cir. 2015) ("We have never held that delay alone merits reassignment."); *see also* Dkt. No. 40 at 1 (referring to "RJB"). An objective inquiry only finds Plaintiff is dissatisfied with the pace of civil litigation rather than this Court's impartiality. As such, the Court will not recuse itself voluntarily.

### 4.  Plaintiff's additional complaints.

Plaintiff has filed two additional complaints under this matter's case number since the Complaint was posted on June 14, 2023. *See* Dkt. Nos. 7, 41, 42. The new complaints do not include Judge Wakenshaw as a defendant but add all new defendants. *See id*. Plaintiff's first

complaint does not include a Cause number. Dkt. No. 41. Plaintiff's second "amended" complaint includes a cause number assigned to a different matter. Dkt. No. 42.

*Pro se* litigants "have a duty to comply with the applicable rules of civil procedure and court orders." *United States v. $15,333.00 in U.S. Currency*, 988 F. Supp. 2d 1229, 1234 (D. Or. 2013) (citing *Jacobsen v. Filler*, 790 F.2d 1362, 1364–65 (9th Cir.1986)). Civil Rule 15 provides that "[a] party may amend its pleading *once* as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading . . . ." Judge Wakenshaw has appeared in this matter, but no summons has been issued. *See* Dkt. No. 32. Thus, Plaintiff may amend the Complaint *once* as a matter of right. *See* Fed. R. Civ. P. 15.

It is unclear whether Plaintiff intended to file an amended complaint in this matter under Dkt. No 41. Plaintiff's filing at Dkt. No. 41 is captioned, "COMPLAINT AND REQUEST FOR INJUNCTION," and names "the Employment Security Department" and "Maxim Healthcare" as defendants. *Id*. Plaintiff provides the "Title IV of Civil Rights Act of 1963, "equal pay act of 1963," "rehabilitation act of 1973," and "Civil Rights Act of 1991" as the basis of federal question jurisdiction. *Id*. Plaintiff indicates both Defendants are Washington State residents. Dkt. No. 41. Plaintiff alleges facts, generally, that appear to arise from Plaintiff's time working with Defendant Maxim. *Id*. at 4. Plaintiff alleges that Maxim Healthcare forced Plaintiff to be immunized "against her religion," deprived Plaintiff of employment, and is "taking away her disability and labor and industry compensation benefits," while Plaintiff is not receiving unemployment benefits "she should be receiving if she were really employed by Maxim." *Id*.

What is clear, however, is that Plaintiff filed a substantially similar, perhaps identical proposed complaint, the following day under Cause No. 23-CV-05713-DGE. Plaintiff's

application to proceed *in forma pauperis* and proposed complaint are currently pending before The Honorable David G. Estudillo.

In this case, Plaintiff also filed Dkt. No. 42, which is similarly vague. The pleading is captioned, "Amended Complaint," relates to Dkt. No. 41, and references the cause number in the case pending before Chief Judge Estudillo. The Amended Complaint adds an additional defendant, but pleads no factual allegations against it. Ultimately, the complaint appears to suffer from the same defects described.

To the extent Plaintiff intends to amend the Complaint *in this* action, Plaintiff must follow LCR 15 when filing an amended complaint and must also plead facts to demonstrate that this Court has jurisdiction over Plaintiff's claims and that Plaintiff's claims are not frivolous.

### 5.   Plaintiff must submit a statement to the Court within 30 days to demonstrate why this case should not be dismissed.

In response to this Order, Plaintiff must write a short statement telling the Court: (1) why this Court has subject matter jurisdiction over this case—either based on federal question or diversity jurisdiction; (2) why this case should not be dismissed as frivolous considering Defendant Judge Wakenshaw's judicial immunity and this Court's inability to compel a Washington State judge to act in the manner requested; (3) explain how this Complaint is not duplicative of any other actions Plaintiff has pending in the District (including Cause Nos. 2:23-cv-791, 3:23-cv-597, 3:23-cv-5183, and 3:23-cv-5713); and (4) explain whether Plaintiff intended to submit an amended complaint under Dkt. No. 41, and if so, respond to the Court's requests for responses under (1), (2), and (3) of this section for the allegations included in the amended pleading.

**Plaintiff's response may not exceed 12 double-spaced pages**. Attachments or amended pleadings are not permitted. The Court stays Plaintiff's pending motions and will take no further

action in this case until Plaintiff has submitted the response. *See Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (stating "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.").

## ORDER

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and **ORDERS**:

1.       Plaintiff *must* file a Response to this Order to Show Cause containing the requested details above in Sections 5 no later than thirty (30) days from the date of this Order. Failure to file this Response will result in case dismissal.

2.       Plaintiff's pending motions, Dkt. Nos. 9, 13, 25, 27, 31, 34, 35, 36, 38, 40, 44, 45, 47, 48, 49 are **STAYED** until resolution of this Order.

3.       Plaintiff's motion to disqualify, Dkt. No. 40, is **DENIED**. In accordance with LCR 3(f), this Order is referred to the Honorable David G. Estudillo for review of this decision. The Clerk is directed to provide a copy of this Order to Chief Judge Estudillo.

Dated this 14th day of August, 2023.

Jamal N. Whitehead
United States District Judge

ORDER TO SHOW CAUSE AND ORDER DENYING MOTION FOR RECUSAL - 9