1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIFFANY RECINOS,

            Plaintiff,

    v.

TIMOTHY L. WAKENSHAW,

            Defendant.

CASE NO. 3:23-cv-5507

ORDER REVOKING IFP STATUS
FOR APPEAL

## 1.  INTRODUCTION

This matter comes before the Court on referral from the United States Court of Appeals for the Ninth Circuit (the "Referral"). Dkt. No. 76. Having reviewed the relevant record, the Court REVOKES Tiffany Recinos's *in forma pauperis* status for her appeal.

## 2.  BACKGROUND

Recinos moved to proceed in forma pauperis on June 5, 2023. Dkt. No. 1. In her complaint ("Complaint"), she named sole defendant Timothy L. Wakenshaw, a Washington Board of Industrial Insurance Judge. Dkt. Nos. 7. No summons was issued, but Judge Wakenshaw appeared in the matter. Dkt. No. 32. In short,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

Recinos alleged that "Judge Wakenshaw has overseen plaintiff's Labor and Industries and Workers Compensation claims yet failed to provide the plaintiff adequate relief." Dkt. No. 7 at 3. On August 9, 2023, Recinos filed two additional complaints, one without a Cause number, and another under a Cause number different than the one issued in this matter. Dkt. Nos. 41, 42. Neither of these complaints included Judge Wakenshaw as a defendant. *See id.*

On August 14, 2023, the Court issued an Order to Show Cause. Dkt. No. 51. In that order, the Court requested for Recinos to explain within 30 days (1) the basis for this Court's jurisdiction over her claims in the Complaint; (2) why this matter should not be dismissed in light of the frivolous nature of her claims against Judge Wakenshaw; (3) how her complaint is not duplicative of her numerous other actions pending in this District; and, (4) whether Recinos intended for Dkt. No. 41 to be her amended complaint, and if so, to address the Court's order to show cause on the first three points. Dkt. No. 51 at 8. The Court also denied Recinos's request for the Court to recuse itself from this matter and referred that decision to the Honorable David G. Estudillo as required under LCR 3(f). *Id.* at 9. On August 30, 2023, Judge Estudillo affirmed this Court's refusal to recuse itself. Dkt. No. 56.

Recinos filed multiple documents after this Court's Order to Show Cause, but none that were responsive to the Court's Order, including whether Dkt. No. 41 was intended to be the operative complaint for this matter. *See* Dkt. Nos. 41, 67. On September 14, 2023, the Court dismissed Recinos's Complaint with prejudice and struck all pending motions in the matter. Dkt. No. 67.

Despite the Court's order that further pleadings filed under this Cause number would be stricken as moot, Recinos continued to file documents. Some of these documents were for Cause numbers in different matters. Dkt. Nos. 68-70. Recinos's other filings included a Notice of Appeal, an apparent amended notice of appeal, and another "Notice of Amended Appeal." Dkt. Nos. 71-2, 75. In her Notice of Amended Appeal, Recinos states she appeals to the Ninth Circuit Court of Appeals, and "the nature of the order is an order claiming frivolousness of this IFP claim; however, IFP guidelines are met and, UNMITIGATED LABOR AND INDUSTRY'S CLAIMS ARE NOT FRIVLOUS [sic] and can not [sic] be delayed further." Dkt. No. 75. On October 2, 2023, Recinos filed "Plaintiff's Objections To R&R." Dkt. No. 77. This document doesn't answer or otherwise address any of the inquiries raised in this Court's Order to Show Cause. *See id.*; Dkt. No. 51.

On October 20, 2023, the Ninth Circuit referred this matter to this Court "for the limited purpose of determining whether *in forma pauperis* status should continue for this appeal or whether the appeal is frivolous or taken in bad faith." Dkt. No. 76. The Court addresses this question below.

### 3.  ANALYSIS

Recinos's IFP status should be revoked in this matter. A good faith appeal must seek review of at least one "non-frivolous" issue or claim. *See Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). A frivolous claim is one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Recinos's claims lack an arguable basis in law.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

        In its Order to Show Cause, this Court explained that Recinos's Complaint failed to establish this Court's federal question or diversity jurisdiction over her cause of action against Judge Wakenshaw. *See* Dkt. Nos. 7, 51. In her Complaint, Recinos only vaguely refers to a violation of her Ninth Amendment rights, without citing any federal statute or federal agency implicated. Dkt. No. 7 at 2-3. As this Court explained, "[m]erely alleging a constitutional violation is insufficient, the court's limited jurisdiction cannot be invoked so simplistically." Dkt. No. 51 (quoting *Vogelsang v. Zine*, 2:09-cv-02885, 2010 WL 2737190, at *9 (E.D. Cal. July 12, 2010)). Thus, Recinos failed to establish that her Complaint raised a substantial question of federal law to establish this Court's jurisdiction. Dkt. No. 51 at 3-4. Further, Recinos failed to establish diversity jurisdiction under 28 U.S.C. § 1332. Recinos resides in Washington and listed a Washington address for Judge Wakenshaw, meaning the parties are not diverse for the purposes of federal jurisdiction. Dkt. No. 7 at 3; 51 at 4.

        Next, even if Recinos established this Court's jurisdiction, her claims against Judge Wakenshaw are frivolous as a matter of law and are barred by judicial immunity. First, as the Court explained in its Order to Show Cause, Recinos's claims are frivolous as a matter of law if she seeks a writ of mandamus against Judge Wakenshaw. Dkt. No. 51 at 4 (citing *Robben v. D'Agostini*, 2:16-CV-2723 GGH P, 2016 WL 7451543, at *2 (E.D. Cal. Dec. 27, 2016) ("A petition for writ of mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law.")). Second, Recinos's action against Judge Wakenshaw for his decisions made in his judicial capacity are barred by the doctrine of judicial

immunity. *Janaszak v. State*, 297 P.3d 723, 729 (Wash. Ct. App. 2013). And this immunity applies to Judge Wakenshaw as an administrative judge. *Stone v. Baum*, 409 F. Supp. 2d 1164, 1174 (D. Ariz. 2005) (citation omitted). Recinos alleges that Judge Wakenshaw failed to provide her "adequate relief," apparently, in her proceedings before him. Dkt. No. 7 at 3. Recinos's claims against Judge Wakenshaw for his actions as an administrative judge is the exact type of claim barred by judicial immunity. Recinos's claims against Judge Wakenshaw are therefore frivolous. *See Robben*, 2016 WL 7451543, at *2.

Recinos's subsequent filings failed to provide any response to this Court's request for information regarding this Court's jurisdiction for her Complaint or the plausibility of her claims against Judge Wakenshaw. *See generally* Dkt. Recinos's most recent "Plaintiff's Objections To R&R" also does not address any of this Court's requests, let alone mention Judge Wakenshaw but for in the pleading caption. *See* Dkt. No. 77. Despite multiple opportunities, Recinos has provided no information for this Court to rethink its conclusion that her Complaint is anything but frivolous. Because the Court finds Recinos's appeal of the Complaint does not include a single non-frivolous claim, her appeal is not in good faith, and her IFP status to appeal must be revoked.

## 4.  CONCLUSION AND ORDER

Accordingly, it is hereby ORDERED:

1.  The Court CERTIFIES that Recinos's appeal is frivolous and not taken in good faith. Recinos's *in forma pauperis* status is revoked.

2.  The Clerk of the Court SHALL provide a copy of this Order to all Parties and the Ninth Circuit.

Dated this 8th day of November, 2023.

Jamal N. Whitehead
United States District Judge