UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIFFANY RECINOS, | CASE NO. 3:23-cv-5507 |
| Plaintiff, | ORDER |
| v. | |
| TIMOTHY L. WAKENSHAW, | |
| Defendant. | |

## 1. INTRODUCTION

This matter comes before the Court on Plaintiff Tiffany Recinos's Motion For Extension of Time to File NOA. Dkt. No. 80.

On September 14, 2023, the Court dismissed Recinos's in forma pauperis (IFP) complaint after she failed to respond to the Court's order to show cause why her case should not be dismissed for lack of jurisdiction. Dkt. Nos. 51, 67. On October 4, 2023, Recinos filed the first of several notices of appeal. *See* Dkt. Nos. 71, 72, 73. The Ninth Circuit opened Recinos's appeal on October 12, 2023, referring the question to this Court of whether Recinos's in forma pauperis status should be revoked under 28 U.S.C. 1915(a)(3). *See Dkt*. On November 8, 2023, the Court

ORDER - 1

entered its order revoking Recinos's IFP status, certifying that Recinos's appeal was not made in good faith. Dkt. No. 78.

Four days later, Recinos filed a purported notice of appeal to the Supreme Court. Dkt. No. 79. On November 17, 2023, Recinos filed her Motion For Extension of Time. Dkt. No. 80. In sum, Recinos claims that her computers were "hacked and destroyed" and "hacked, erased, and restarted." *Id*. at 1. Recinos states that she will continue "without her computer all hard copies." *Id*. Recinos does not cite the specific order she wishes to appeal and instead states "[t]he Court's disinterest for justice must now cease" and "AMERICA IS COLLAPSING from these secrets and 'EXEMPTIONS OF PUBLIC DISCLOSURE.'" *Id*. Finally, Recinos cites that she "was unaware of deadline" as the reason for her request for the extension. *Id*. at 2.

## 2.  ANALYSIS

As an initial matter, it is unclear why Recinos moved for more time. Federal Rule of Appellate Procedure 4 provides the grounds on which Recinos may file a notice of appeal in a civil case. The Court assumes that Recinos intends to appeal the dismissal of her complaint. Dkt. No. 67. But Recinos already filed notices of appeal for that order. *See* Dkt. Nos. 71, 72, 73.

Ordinarily, a notice of appeal must be filed within 30 days after entry of the appealed judgment or order. Fed. R. App. P. 4(a)(1)(A). Rule 4 provides that the Court may extend the time to file a notice of appeal if the appealing party "moves no later than 30 days after the time prescribed by this Rule 4(a) expires," and, regardless of that factor, "shows excusable neglect or good cause." *See* Fed. R. App. P. 4(a)(5)(A). When evaluating excusable neglect, courts apply the factors

ORDER - 2

enumerated in *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388, 392, 395 (1993). This includes "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (citing *Pioneer Inv. Serv. Co.*, 507 U.S. at 388, 392, 395)).

Recinos does not satisfy the relevant standards for an extension. First, Recinos moves for an extension of time to file a notice of appeal before her time to do so has expired under Rule 4(a)(5)(A)(i). The Court next finds that Recinos's motion does not implicate the first and second *Pioneer* factors. Specifically, while Defendant Hon. Timothy L. Wakenshaw has appeared in this matter, the Court never issued a summons. *See* Dkt. And Recinos moved to extend the deadline for her notice of appeal only four days after this Court's order revoking her IFP status, so the Court does not find any delay or effect on the judicial proceedings. Dkt. Nos. 78, 80.

But the Court finds that Recinos has failed to demonstrate excusable neglect under the third and fourth *Pioneer* factors. First, ignorance of the rules does not generally constitute excusable neglect. *See Pioneer Inv. Servs. Co.*, 507 U.S. 380 at 392. Recinos states that she requests an extension of time to file a notice of appeal because she was "unaware of deadline." Dkt. No. 80 at 2. Recinos has filed numerous notices of appeal, so it is unlikely Recinos was unaware of the deadline to file a notice of appeal. *See* Dkt. Nos. 71, 72, 73. Further, per *Pioneer*, her ignorance of the deadline does not constitute excusable neglect. Second, after the Court

ORDER - 3

revoked her IFP status, explaining that she failed to provide a non-frivolous cause of action against Judge Wakenshaw, the Court certified that Recinos made her appeal in bad faith. *See* Dkt. Nos. 51, 78. Recinos's request for more time is vague to be sure, but it appears she seeks to pursue an appeal this Court has already certified is taken in bad faith. *See id*.

Further, even if Recinos could show excusable neglect, the Court concludes that she fails to demonstrate good cause for her request. Recinos does not cite any facts constituting good cause to extend the deadline to file a notice of appeal. *See* Dkt. No. 79. Still, the Court considers whether her statements regarding her computers being "hacked" constitute good cause to extend the notice of appeal deadline. *See id*. at 2. The Court finds that they do not: Despite these unfortunate incidents, Recinos filed her motion on November 17, 2023, a little more than a week after this Court revoked her IFP status. Dkt. No. 78. Thus, the Court finds that Recinos's purported technical difficulties are not good cause for an extension under the facts in her motion before the Court since she continued to have—and did exercise—the ability to file papers on this docket.[1]

Finally, Recinos was required to pay a filing fee for her notice of appeal after this Court revoked her IFP status. Fed. R. App. P. 3(e) requires that "[u]pon filing a notice of appeal, the appellant must pay the district clerk all required fees." Because

---

[1] Recinos filed her motion in paper form. Dkt. No. 80. The clerk notified Recinos on November 17, 2023, that because she registered for electronic filing in this matter, she must file electronically or submit a request to opt out of electronic filing. *See* Dkt.

ORDER - 4

Recinos's IFP status was revoked, she did not fall under any of the exceptions to proceed without paying her filing fee for her notice of appeal. *See* Circuit Rule 3.1.[2]

### 3. CONCLUSION

Accordingly, Recinos's motion is DENIED. All future improperly filed pleadings under this Cause Number are to be STRICKEN. It is so ORDERED.

Dated this 14th day of December, 2023.

Jamal N. Whitehead
United States District Judge

---

[2] If Recinos intends to proceed IFP in this matter in the Court of Appeals, she must proceed by filing a motion there under Fed. R. App. P. 24(a)(5).

ORDER - 5